**Barry G. MARION, Plaintiff–Appellant,**

v.

**VIRGINIA ELECTRIC & POWER COMPANY, Defendant– Appellee.**

**No. 93–2023.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 8, 1994.

Decided April 20, 1995.

**ARGUED:** Brian R. Pitney, Kaestner & Associates, Richmond, VA, for appellant. Donald Lester Creach, Hunton & Williams, Richmond, VA, for appellee. **ON BRIEF:** Joseph W. Kaestner, Kaestner & Associates, Richmond, VA, for appellant. Hill B. Wellford, Jr., Thomas J. Mitchell, Hunton & Williams, Richmond, VA, for appellee.

Before ERVIN, Chief Judge, WIDENER, Circuit Judge, and WILSON, United States District Judge for the Western District of Virginia, sitting by designation.

Vacated and remanded with instructions by published opinion. Judge WIDENER wrote the opinion, in which Chief Judge ERVIN and Judge WILSON joined.

## OPINION

WIDENER, Circuit Judge:

Barry G. Marion appeals the district court's refusal to remand his employment contract case to state court and its entry of summary judgment against him. We vacate the district court's grant of summary judgment and remand the case with instructions to remand the case to the Circuit Court of the City of Richmond, Virginia.

### I

Marion was hired by Virginia Electric and Power Company (VEPCO) as a maintenance helper in June of 1974. Marion joined the union, the International Brotherhood of Electrical Workers, and remained a member when he became a mechanic trainee and a mechanic. In 1986 Marion took a salaried position as an NDE inspector.[1] The NDE inspector position was a salaried position, and he was ineligible for union membership in this position.

When Marion was interviewed in 1986 for the NDE inspector position, he was told that it was not a union position, but that he would continue to be treated as he had been under the union contract. Specifically, he was told that he would not be fired without just cause. In the beginning of October, 1991, Marion was terminated after an investigation into his taking home some lumber from the Chesterfield Power Station. Marion maintained that he had not stolen the wood, and he protested his termination. Although Marion did not comply with the union grievance procedure, he apparently did comply, without success, with the grievance procedure for salaried employees.

Marion filed a motion for judgment in the Circuit Court of the City of Richmond on October 7, 1992, which alleged breach of contract and defamation. On October 28, 1992 VEPCO filed a notice of removal[2] and

1. Actually, when Marion first took the salaried position, it was called a quality control inspector position. His job title later changed to NDE inspector. The meaning of the initials NDE is not readily apparent from the appendix, but makes no difference in the outcome of the case.

2. VEPCO's grounds for removal were that Marion originally had been employed pursuant to a collective bargaining agreement between VEPCO and a union and that this action was therefore governed by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. VEPCO contended that the district court had federal question jurisdiction under 28 U.S.C. § 1331.

an answer in the United States District Court for the Eastern District of Virginia. On January 14, 1993, the district court, pursuant to a stipulation by the parties, dismissed with prejudice Marion's defamation claim, leaving only the breach of contract claim.

On March 18, 1993, VEPCO filed a motion for summary judgment based on two theories. First, VEPCO argued that Marion could not pursue a claim under the collective bargaining agreement. Its grounds for this contention were that Marion was not employed under the agreement at the time of his discharge; the grievance and arbitration procedures established in the agreement are the exclusive means to pursue breach claims; Marion failed to allege that the union violated its duty to represent him; and his claim for a breach of a collective bargaining agreement was barred by the six-month limitations period. Second, VEPCO argued that Marion could not pursue a claim based on the alleged oral contract. Its grounds for this contention were that Marion was an at-will employee, his claimed contract was too vague, and his alleged breach of contract suit on that account was barred by the statute of frauds. On March 31, 1993, Marion filed a motion for remand based on his assertion that the contract which he claimed had been breached was not the collective bargaining agreement but a private employment contract not covered by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

The district court denied Marion's motion for remand and granted summary judgment in favor of VEPCO. The district court based its decision on its view that resolution of Marion's claim would require interpretation of the collective bargaining agreement because Marion "impl[ied]" the just-cause termination provision into his employment contract. The district court therefore held that Section 301 of the LMRA was controlling, and that it had subject matter jurisdiction under 28 U.S.C. § 1331, and it denied Marion's motion to remand. It added that any state law claim for breach of contract was preempted by federal law. The district court granted summary judgment to VEPCO. It based its decision on its reasoning that Marion's claim was subject to all of the Section 301 procedural requirements for making a claim, including filing the claim within the six-month limitations period, complying with the collective bargaining agreement's grievance and arbitration procedures, and alleging that the union violated its duty to represent the employee. Both the denial of removal and summary judgment for VEPCO were entered in the same order.

Marion appeals from both the district court's denial of his motion to remand and its grant of summary judgment to VEPCO.

## II

The district court's rulings were premised on Section 301 of the LMRA, and it is there that we begin our analysis.

Section 301 applies, by its terms, to "[s]uits for violation of contracts between an employer and a labor organization," 29 U.S.C. § 185(a), or, in short, to suits for breaches of collective bargaining agreements.[3] See *Wooddell v. International Bhd. of Elec. Workers Local 71*, 502 U.S. 93, 98, 112 S.Ct. 494, 498, 116 L.Ed.2d 419 (1991) ("[A] suit properly brought under § 301 must be a suit ... for violation of a contract between an employer and a labor organization...."). There is nothing in Section 301 that broadens its application in the context of this case beyond suits for breaches of such contracts. Here, Marion's suit is not based on the collective bargaining agreement, but instead upon a private employment contract that existed between Marion and VEPCO. This is not a contract "between an employer and a labor organization," 29 U.S.C. § 185(a). See *McTighe v. Mechanics Educ. Soc'y of Am. Local 19*, 772 F.2d 210, 212–13 (6th Cir.1985) (per curiam) (holding that a supervisor was not a member of a collective bargaining unit, and the company did not have to comply with the terms of the collective bargaining agreement in dealing with him, despite the company's past non-obligatory

---

**3.** Section 301 also applies to suits for violations of contracts between labor organizations. 29 U.S.C. § 185(a). However, we do not have before us a contract between labor organizations.

practice of returning demoted supervisors to the bargaining unit); see also *Kunz v. United Food & Commercial Workers Local 876*, 5 F.3d 1006, 1009 (6th Cir.1993) (finding, in a case involving a union's termination of an employee of the union, that "[a]n employment contract between an individual and a labor organization does not fall within the jurisdiction of § 301"). It is, instead, a contract between an employer and an employee. The undisputed facts of this case are that Marion was not, at the time of his termination, a member of the union or bargaining unit, did not pay union dues, and was not covered by the union contract. Marion understood all of this, as did VEPCO.

The fact that the oral contract between Marion and VEPCO may have borrowed one or more terms from the collective bargaining agreement does not bring Marion's employment contract within the scope of Section 301, because it is still not the kind of contract with which Section 301 is concerned. In the usual case, as here, contracting parties are free to borrow terms from any lawful place they choose without subjecting themselves to regulatory schemes or the like that apply to the contract from which they have borrowed terms but do not apply to the kind of contract the parties have entered into. We do not agree with the contrary holdings of the district court, and we are also of opinion that the contract of employment was not preempted by federal law.

In sum, Marion's contract is an ordinary employment contract that is not within the scope of Section 301 of the LMRA.

### III

■ We now turn to Marion's claim that the district court improperly denied his motion for remand to the state court. We do not always consider denials of motions to remand on appeal if the federal court would have had jurisdiction if the litigation had been initiated in the federal court on the issues and between the parties that comprised the case at the time of judgment. See *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 16, 71 S.Ct. 534, 541, 95 L.Ed. 702 (1951).[4] *Finn* was a case in which the Court required the vacation of a judgment on the merits entered by a district court in a case removed from a state court. In that case the district court would not have had original jurisdiction of the suit as first stated in the complaint, because of the presence on each side of a citizen of Texas. At the time of the judgment appealed from, the district court also did not have jurisdiction for the same reason. Thus its judgment was vacated.

In our case, it is clear that at no time during this proceeding did the district court have jurisdiction. The case could not have been initiated in the federal court, *Finn*, 341 U.S. at 16, 71 S.Ct. at 541, because the facts stated in the complaint did not support the presence of a federal question cause of action under Section 301. The motion for judgment asserted merely common law claims for breach of contract and defamation. At all times relevant here, both the plaintiff and the defendant were citizens of Virginia. Thus, there was also no basis for jurisdiction based on diversity of citizenship.

■ After removal by VEPCO on the claim that Section 301 applied to this case, the plaintiff filed a motion to remand to the state court, as he should have done, and the district court erroneously denied that motion for the reasons we have set out in Part II of this opinion. Merely making a claim of federal question jurisdiction to support removal from a state court is not sufficient to give jurisdiction to the district court when the removal is unfounded as here.

The district court never having had subject matter jurisdiction other than to determine the validity of the removal, the order of the district court appealed from is vacated, and the case is remanded to the district court

---

4. This case is controlled by *Finn* and not by *Able v. Upjohn Co.*, 829 F.2d 1330 (4th Cir.1987), or *Marshall v. Manville Sales Corp.*, 6 F.3d 229 (4th Cir.1993). In *Able* the claim against the party destroying diversity had been severed and remanded to the state court prior to the judgment complained of, and in *Marshall*, the party destroying diversity had been dismissed prior to the judgment complained of. While there are other features of *Able* and *Marshall* which distinguish those cases from the one at hand, we add that our holding here is not inconsistent with those cases for they, as well as this case, follow the holding of *Finn*, in different factual situations.

with directions to remand the same to the Circuit Court of the City of Richmond, Virginia. *Finn*, 341 U.S. at 18, 71 S.Ct. at 542.

*VACATED AND REMANDED WITH INSTRUCTIONS.*