**Julie M. MOLL, Plaintiff,**

v.

**INTERNATIONAL UNION, UNITED AU-TOMOBILE, AEROSPACE AND AGRI-CULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), and Billy Cas-stevens, jointly and severally, Defen-dants.**

No. 95–CV–72392–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 23, 1996.

Deborah L. Gordon, Royal Oak, MI, for plaintiff.

David R. Radtke, Samuel C. McKnight, Southfield, MI, for defendants.

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING THIS ACTION TO THE WAYNE COUNTY CIRCUIT COURT

DUGGAN, District Judge.

Plaintiff originally filed this action in the Wayne County Circuit Court contending that she was wrongfully terminated from her employment with defendant UAW. Defendants removed this case to this Court on June 14, 1995 asserting federal question jurisdiction. Presently before this Court is plaintiff's motion to remand this case to the Wayne County Circuit Court pursuant to 28 U.S.C. § 1447(c). That section provides, in relevant part, that

[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

In support of its removal and in opposition to plaintiff's motion to remand, defendants argue that plaintiff's state law claims are completely preempted by the Labor–Management Relations Act ("LMRA"), 29 U.S.C. § 185, and by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiff disagrees and asks this Court to remand this case for lack of subject matter jurisdiction.

### I. Well-pleaded complaint rule

■ In order for removal based on federal question to be proper, federal question jurisdiction must have existed at the time the complaint was filed. Federal question jurisdiction exists in those cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987).

■ Federal preemption of state law is typically a defense and thus is not usually found "within the four corners" of the complaint. Therefore, under the well-pleaded complaint rule, federal preemption alone, in the typical case, cannot serve as the basis for federal question jurisdiction. *Id.*

■ However, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63–64, 107 S.Ct. at 1546. It is in these situations, where Congress has so completely preempted state law, that federal question jurisdiction can arise despite the fact that plaintiff's well-pleaded complaint appears only to raise state law issues.

### II. Complete Preemption

Defendants are correct in asserting that both the LMRA and ERISA can, in certain circumstances, completely preempt state law. *See Id.* at 64, 67, 107 S.Ct. at 1546–48. However, as shown below, under the facts as alleged by the plaintiff in her complaint, there is no complete preemption of state law by either the LMRA or ERISA.

### A. Plaintiff's complaint

Plaintiff's complaint is one for wrongful discharge and for discharge in violation of Michigan public policy. Plaintiff contends that she had an implied just cause employment contract with her employer, defendant UAW. This implied contract, according to the plaintiff, arose from reasonable reliance by plaintiff on policies, practices and procedures of defendant UAW.

Plaintiff also asserts a cause of action for "breach of legitimate expectations." This cause of action is based, in part, on the same policies, practices and procedures of plaintiff's breach of implied contract claim. In addition, plaintiff cites defendant UAW's constitution which states that an "International Representative", which plaintiff alleges she was, cannot be terminated without the approval of the International Executive Board.

Finally, plaintiff's third cause of action claims that her discharge was in violation of Michigan public policy. Plaintiff alleges that she was a fiduciary of a pension fund and that she was discharged for attempting to fulfill her fiduciary obligations.

## B. Complete preemption under the LMRA

§ 301 of the LMRA provides:

Suits for violation of contracts *between an employer and a labor organization representing employees ... or between any such labor organizations,* may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a) (emphasis added). In discussing the preemptive power of this statute, the Supreme Court has held:

[T]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.

*Caterpillar Inc. v. Williams,* 482 U.S. 386, 394, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987) (quoting *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853–54, 77 L.Ed.2d 420 (1983)).

 The plain language of § 301 only grants jurisdiction to suits between "an employer and a labor organization representing employees ... or between any such labor organizations." "Section 301 says nothing about the content or validity of individual employment contracts." *Caterpillar,* 482 U.S. 386, 395, 107 S.Ct. 2425, 2431. In this case, the "labor organization", defendant UAW, does not *represent* plaintiff; it is in fact plaintiff's employer. Suits on private employment contracts between an employer and an employee are not within the jurisdiction of § 301, even if the employer happens to be a labor organization. *Kunz v. United Food & Commercial Workers Local 876,* 5

F.3d 1006, 1009–10 (6th Cir.1993) (no § 301 jurisdiction where employee was not a member of the collective bargaining unit and thus had no contract with the union); *United Food & Commercial Workers Local 951 v. Mulder,* 31 F.3d 365, 370–71 (6th Cir.1994) (no § 301 jurisdiction over cause of action asserted by non-union employees because they were not parties to collective bargaining agreement).

The Fourth Circuit has very recently followed the Sixth Circuit in holding that § 301 does not extend to private employment contracts:

Section 301 applies, by its terms, to "[s]uits for violation of contracts between an employer and a labor organization," or, in short, to suits for breaches of collective bargaining agreements.... Here [plaintiff's] suit is not based on the collective bargaining agreement, but instead upon a private employment contract that existed between [plaintiff and defendant]. This is not a contract "between an employer and a labor organization." It is, instead, a contract between an employer and an employee. The undisputed facts of this case are that [plaintiff] was not, at the time of his termination, a member of the union or bargaining unit, did not pay union dues, and was not covered by the union contract....

The fact that the oral contract between [plaintiff and defendant] may have borrowed one or more terms from the collective bargaining agreement does not bring [plaintiff's] employment contract within the scope of Section 301, because it is still not the kind of contract with which Section 301 is concerned. In the usual case, as here, contracting parties are free to borrow terms from any lawful place they choose without subjecting themselves to regulatory schemes or the like that apply to the contract from which they have borrowed terms but do not apply to the kind of contract the parties entered into.... [W]e are ... of opinion that the contract of employment was not preempted by federal law.

*Marion v. Virginia Elec. & Power Co.,* 52 F.3d 86, 88–89 (4th Cir.1995) (internal citations omitted).

In the present case, it is undisputed that plaintiff is not a party to any collective bargaining agreement. Plaintiff brings this cause of action against defendants based on her individual implied employment contract with defendant UAW. That some of the terms of this implied employment contract may have been "borrowed" from the UAW Constitution does not move plaintiff's state-law claim within the jurisdiction of § 301. Thus, plaintiff's claims are not completely preempted by the LMRA.

### C. Complete preemption under ERISA

■ In *Warner v. Ford Motor Company,* the Sixth Circuit described the very narrow situation where ERISA may completely preempt state law and trump the well-pleaded complaint rule:

> ... [I]n order to come within the [complete preemption] exception a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," as provided in § 1132(a)(1)(B).

46 F.3d 531, 534 (6th Cir.1995). Under the current law of the Sixth Circuit it is *only* suits under § 1132(a)(1)(B) which may completely preempt state law. *Id.*

§ 1132(a)(1)(B), by its explicit terms, only grants *participants* or *beneficiaries* the right to bring a civil action. 29 U.S.C. § 1132(a)(1)(B). Under ERISA, a participant is defined as:

> ... any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7). A beneficiary is defined under ERISA as:

> ... a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

29 U.S.C. § 1002(8).

As stated above, plaintiff does not argue that she is entitled to benefits under any collective bargaining agreement. In fact, both sides agree that plaintiff is not a party to any collective bargaining agreement. It cannot be reasonably argued that plaintiff is either a participant or a beneficiary under ERISA of any employee benefit plan. Rather, as stated above, plaintiff asserts that she was a party to an individual employment contract with defendant UAW which entitled her to just cause employment. Any right to just cause employment plaintiff might have will not flow from any rights under an employee benefit plan. Since plaintiff is not asserting any claim as a participant or beneficiary of an employee benefit plan under ERISA § 1132(a)(1)(B), her state law claims are not completely preempted by ERISA.

### III. Conclusion

It is clear to this Court that plaintiff has not raised any federal questions on the face of her complaint—plaintiff's claim is purely a state law claim. Similarly, this Court finds that plaintiff's state law claims are not completely preempted by either the LMRA or ERISA. Without a federal question on the face of plaintiff's complaint or complete preemption of state law, this Court has no subject matter jurisdiction to entertain this matter. Therefore, plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(c) will be granted.

For the reasons set forth above,

**IT IS ORDERED** that plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(c) is **GRANTED** and this action is hereby **RE-MANDED** to the Wayne County Circuit Court.