UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BEVERLY D. KEFFER,
                    *Plaintiff-Appellee,*

v.

APPALACHIAN REGIONAL HEALTHCARE,
INCORPORATED, d/b/a Beckley
Appalachian Regional Hospital;
JENNIFER NEWBERRY,
                    *Defendants-Appellants.*

No. 99-2326

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Robert C. Chambers, District Judge.
(CA-98-1031-5)

Argued: September 29, 2000

Decided: October 30, 2000

Before WILKINSON, Chief Judge, and MICHAEL and
KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Katherine Amelotte Jones, KAY, CASTO & CHANEY, P.L.L.C., Charleston, West Virginia, for Appellants. Roslyn Clark Payne, THE WOOTON LAW FIRM, Beckley, West Virginia, for Appellee. **ON BRIEF:** Stephen A. Weber, KAY, CASTO & CHANEY, P.L.L.C., Charleston, West Virginia, for Appellants.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

In September 1998, Beverly Keffer sued Appalachian Regional Healthcare, Inc. in West Virginia state court. Keffer alleged that Appalachian discharged her in violation of the drug testing policy contained in Appalachian's collective bargaining agreement (CBA). Appalachian removed the case to federal court, arguing that Keffer's claim under the CBA was preempted by § 301 of the Labor Management Relations Act, 1947 (LMRA). *See* 29 U.S.C. § 185 (1994). The district court determined that Keffer was not entitled to the protection of the CBA because she was a supervisor.[1] In addition, Keffer argued that since the drug testing policy applied to company supervisors, Appalachian's failure to comply with the policy constituted a breach of contract. The district court held that § 301 did not preempt this claim and remanded it to state court. Appalachian now appeals.[2]

Section 301 of the LMRA applies to "[s]uits for violation of con-

---

[1]Employees' rights to organize and bargain collectively do not extend to supervisors under the National Labor Relations Act. *See* 29 U.S.C. § 152(3) (1994).

[2]Because the district court's order did not adequately invoke the absence of subject matter jurisdiction as the grounds for remand, 28 U.S.C. §§ 1447(c) & (d) do not bar appellate review in this case. *See Mangold v. Analytic Servs., Inc.*, 77 F.3d 1442, 1450-51 (4th Cir. 1996) (holding that § 1447(d) does not bar appellate review where a district court remands not on the assumption that it lacked jurisdiction, but on the assumption that although there was jurisdiction, the court had discretion to remand); *Jamison v. Wiley*, 14 F.3d 222, 232 (4th Cir. 1994) ("[W]e have never applied § 1447(d) when the district court has failed to specifically mention either § 1447(c) or its magic words, absent some clear indication in the record that the district court nonetheless intended — rightly or wrongly — to remand on one of the grounds listed therein.").

tracts between an employer and a labor organization," 29 U.S.C. § 185(a) (1994), or, in other words, to suits for breaches of collective bargaining agreements. Appalachian argues that Keffer's breach of contract claim was preempted by § 301 because Keffer failed to establish that she had a private employment contract with Appalachian. Appalachian asserts that Keffer's claim was based exclusively on her erroneous view that she was entitled to the contractual protections of the CBA. Appalachian contends that since Keffer's breach of contract claim was preempted by § 301, the district court improperly remanded that claim to state court.

The district court held that Keffer's claim was not preempted and should be remanded pursuant to *Marion v. Virginia Elec. & Power Co.*, 52 F.3d 86 (4th Cir. 1995). *Marion* held that § 301, by its plain language, does not apply to suits where the plaintiff was not a member of the union and a private employment agreement existed between the plaintiff and her employer. *See* 52 F.3d at 88-89. *Marion* also held that although a private agreement borrows terms from the CBA, that does not bring the agreement within the scope of § 301. *See id.* at 89.

The district court found that, as in *Marion*, Keffer was not a member of the union when she was fired. As a result, the district court determined that any contract between Keffer and Appalachian would have been a private contract. Because § 301 concerns itself with breaches of collective bargaining agreements, not private employment contracts, Keffer's breach of contract claim was not preempted by § 301. The district court determined that, as in *Marion*, the fact that the alleged private contract between Appalachian and Keffer borrowed language from the CBA did not convert the agreement into a contract covered by § 301. The court concluded that an employer may negotiate a private contract with nonunion employees to implement the same drug testing policy as is already in place for union employees, without raising preemption concerns. The district court remanded Keffer's claim because there was no preemption and because there was no diversity of citizenship between the parties.

We have reviewed the opinion of the district court and have heard oral arguments by the parties. Finding no error in the judgment or reasoning of the district court, we affirm on the basis of its careful opinion.

*AFFIRMED*