**Cecelia Seeby ABLE; Daniel Albert Able; John David Able, a minor under age of fourteen (14) years, by his guardian ad litem, Gloria E. Day, Plaintiff-Appellant,**

v.

**The UPJOHN COMPANY, INC., Defendant-Appellee,**

and

**James H. Blair, Defendant.**

No. 86–2674.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1987.

Decided Oct. 1, 1987.

James B. Richardson, Jr. (Richardson & Smith, H. Ray Ham, Columbia, S.C., Samuel L. Svalina, Dowling, Sanders, Dukes, Svalina, Ruth & Williams, Beaufort, S.C., on brief), for plaintiff-appellant.

H. Simmons Tate, Jr. (Elizabeth A. Carpentier, Clarke W. DuBose, Sinkler & Boyd, Columbia, S.C., on brief), for defendant-appellee.

Before RUSSELL and WILKINSON, Circuit Judges, and HOFFMAN, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

WILKINSON, Circuit Judge:

John David Able appeals from the entry of summary judgment against him in his suit against The Upjohn Company, Inc. Able argues that the district court lacked subject matter jurisdiction because the removal of his case to federal court was improper under 28 U.S.C. § 1441(c). Although we find merit in Able's claim that removal was improper under § 1441(c), we nonetheless affirm the judgment. The posture of the case at the time of judgment supported the exercise of federal jurisdiction, and we do not believe that the judgment of the district court should be disturbed solely on the basis of a defect in removal.

I.

In July 1978, Cecelia Seeby Able consulted her obstetrician-gynecologist, James H. Blair, M.D., because her menstrual periods had been late. After performing a pregnancy test, which proved negative, Blair prescribed Upjohn's drug Provera for Mrs. Able's condition. Approximately ten days later, Mrs. Able returned to Dr. Blair, and at that time tests showed that Mrs. Able was pregnant. On February 14, 1979, Mrs. Able's son, plaintiff John David Able, was born with severe birth defects.

The Ables began the litigation that is the subject of this appeal in 1985 by filing three separate suits in the courts of their home state, South Carolina. Mrs. Able, her husband Daniel Albert Able, and Able each filed identical claims against Upjohn, a Delaware corporation with its principal place of business in Michigan. The suits alleged negligence, breach of express and implied warranties, and sale of a defective product. Able later partially withdrew several specifications of wrongdoing in his complaint against Upjohn, leaving only a claim that Upjohn had failed to warn his mother of the risk of birth defects posed by use of Provera during pregnancy.

Able's suit—but not his parents'—also named as a defendant Blair, a South Carolina citizen. Able's suit against Blair alleged negligence in administering Provera, negligence in failing to take proper steps once he realized that he had administered Provera to a pregnant woman, and failure to counsel Mrs. Able that her use of Provera had created a greater than normal possibility that her child would be born with limb reduction defects. Able asked for "actual and punitive damages from both defendants in the amount of Ten Million ($10,000,000) Dollars."

Upjohn removed all three of the suits to the United States District Court for the District of South Carolina in April 1985. Upjohn based the removal on 28 U.S.C. § 1441(c), which allows a defendant of diverse citizenship to remove a case in which complete diversity of citizenship is lacking where the claim against the diverse defendant is "separate and independent" from claims against non-diverse defendants.[1] Able moved to remand his entire case to state court, arguing that removal under § 1441(c) was improper and that the district court therefore lacked subject matter

**1.** 28 U.S.C. § 1441(c) provides:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

jurisdiction over the suit due to the absence of complete diversity. The district court denied Able's motion to remand the entire case, but severed the claim against Blair and remanded it to state court under the discretion granted by § 1441(c). Able did not pursue an interlocutory appeal of the district court's denial of his remand motion.

In August 1986, Upjohn moved for summary judgment in all three of the cases, which the district court had consolidated. In November 1986 the district court granted Upjohn's summary judgment motion in all three cases, principally on the authority of *Brooks v. Medtronic*, 750 F.2d 1227, 1231 (4th Cir.1984) ("If the prescribing physician has received adequate notice of possible complications [from the drug], the manufacturer has no duty to warn the consumer."). Able appeals only the district court's application of § 1441.

## II.

■ Able makes a persuasive argument that the removal of his suit to federal court was improper. We doubt seriously that Able's claim against Upjohn constituted the "separate and independent claim or cause of action" required for removal under 28 U.S.C. § 1441(c). Both the policies underlying § 1441(c) and the case law construing it would have supported a remand of this case to state court.

Congress intended to restrict the right of removal when it substituted the present § 1441(c) for the old 28 U.S.C. § 71 in 1948. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 10, 71 S.Ct. 534, 538, 95 L.Ed. 702 (1951). Our reading of the removal statute must reflect the clear congressional intention to restrict removal. *Id.* This congressional desire to restrict removal has been understood to require that doubts about the propriety of removal be resolved in favor of retained state court jurisdiction. *See, e.g., Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir.1957).

The language of the leading case on what constitutes a "separate and independent claim or cause of action" bolsters the argument against removal here. In *Amer-*

*ican Fire & Casualty Co. v. Finn*, the Court stated that no separate and independent claim is shown where the plaintiff

> suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

341 U.S. at 13, 71 S.Ct. at 539–40 (quoting *Baltimore Steamship Co. v. Phillips*, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927)).

The fact that Able advances multiple theories of liability against multiple defendants does not mean that he has stated separate and independent actions. Able has alleged a violation of the "single primary right" of bodily integrity, claiming recovery for the birth defects caused by his mother's use of Provera. The injury is a single one, for which only one recovery could be had. *See Garner v. Wyeth Laboratories, Inc.*, 585 F.Supp. 189, 192 (D.S.C. 1984).

The existence of separate and independent actions on these facts is also doubtful because Able's two claims involve "substantially the same facts and transactions." *Finn*, 341 U.S. at 14, 71 S.Ct. at 540. The entire course of Mrs. Able's treatment with Provera was at issue in this case, and common facts would be necessary to show the negligence both of Upjohn and Blair with respect to this drug. The facts in this case surround a single series of events leading to a single injury, not separate events and separate injuries that are "spatially and chronologically distinct." *Lemke v. St. Margaret Hospital*, 552 F.Supp. 833 (N.D. Ill.1982).

This case is not like those where claims have properly been found separate and independent, such as suits against both a tortfeasor and the doctor who treated the injuries caused by the tortfeasor. This case is one in which two defendants were

sued over a single chain of activity in which they were both involved. *Compare Dorfman v. E.R. Squibb & Sons, Inc.,* 617 F.Supp. 496 (D.C.Pa.1985) (claims by brain-damaged infant against delivering obstetricians and against manufacturer of diethylstibesterol taken by his grandmother twenty-five years earlier held separate and independent) *and Leinberger v. Webster,* 66 F.R.D. 28 (E.D.N.Y.1975) (claims by plaintiff injured in auto accident against driver of car and against physician who later treated plaintiff held separate and independent) *with Luebbe v. Presbyterian Hospital,* 526 F.Supp. 1162 (S.D.N.Y.1981) (claims by injured surgical patient against operating surgeon and against manufacturer of instrument used in surgery held not separate and independent) *and Bowerman v. Tomhave,* 414 F.Supp. 7 (E.D.Pa.1975) (claims by injured user of intrauterine device against manufacturer of device and doctor who inserted it held not separate and independent).

 Of course, clear lines are difficult to draw. Cases present a spectrum of circumstances, not two clearly defined categories of the removable and non-removable. Nonetheless, removal in this case was of dubious propriety. The district court should have returned the entire case to state court.[2]

### III.

 Despite the doubts we have expressed about the initial propriety of the removal, we nonetheless affirm the district court. The Supreme Court has recognized that a judgment entered in a case that was improperly removed may stand where, as here, the judgment works no expansion of federal jurisdiction. Interests of finality and judicial economy also strongly suggest that the district court's judgment should not be disturbed where a party fails to avail himself of a remedy that might earlier have resolved the removal question. At this late stage in the proceedings, the judgment should stand.

*American Fire & Casualty Co. v. Finn* once again guides our resolution of this case. The Supreme Court there recognized that

[t]here are cases which uphold judgments in the district courts even though there was no right to removal. In those cases the federal trial court would have had original jurisdiction of the controversy had it been brought in the federal court in the posture it had at the time of the actual trial of the cause or the entry of judgment. That is, if the litigation had been initiated in the federal court on the issues and between the parties that comprised the case at the time of trial or judgment, the federal court would have had cognizance of the case.

341 U.S. at 16, 71 S.Ct. at 541. Here, at the time summary judgment was granted, the parties remaining in the controversy were of diverse citizenship and the amount in controversy exceeded $10,000. The case would therefore have been within the original jurisdiction of the federal court had it been brought there in the posture it had at the time of judgment. As the Court implicitly recognized in *Finn,* affirmance of the district court's judgment here does not "endow it with a jurisdiction it could not possess." *See id.* at 18, 71 S.Ct. at 542.

 In order to preserve his challenge to the removal in this case, Able should have pursued an interlocutory appeal under 28 U.S.C. § 1292(b) after the denial of his re-

**2.** As a separate argument in support of the propriety of removal in this case, Upjohn states that Blair was improperly joined as a party under South Carolina law and could be disregarded for purposes of removal. We reject this argument. Construction of the removal statutes is purely a matter of federal law. Courts must look to federal criteria, "irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts." *Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 705, 92 S.Ct. 1344, 1349, 31 L.Ed.2d 612 (1972) (*quoting Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941)). South Carolina joinder law is simply immaterial to the question whether removal was proper here. *See Gardner and Florence Call Cowles Foundation v. Empire, Inc.,* 754 F.2d 478, 481 n. 4 (2d Cir.1985); *Paxton v. Weaver,* 553 F.2d 936, 940–41 (5th Cir. 1977) (to make state rules determinative would be to add undue confusion to a field that already "luxuriates in riotous uncertainty").

mand motion. *See Gould v. Mutual Life Insurance Co.*, 790 F.2d 769, 773 (9th Cir. 1986). When a party elects to forego an interlocutory appeal, he runs the risk that the federal court will enter judgment on the basis of complete diversity. *See id.; Sheeran v. General Electric Co.*, 593 F.2d 93, 97 (9th Cir.1979). This rule forces parties to give careful consideration to the importance of their objection to removal, but brings the benefit of early determination of the proper forum.

Able's argument that certification of an interlocutory appeal provides an insufficient remedy because certification under § 1292(b) is controlled by the district court lacks merit. Although certification under § 1292(b) is not a matter of right, parties objecting to removal have made use of § 1292(b) in many cases. *See, Union Planters National Bank v. CBS, Inc.*, 557 F.2d 84 (6th Cir.1977); *Climax Chemical Co. v. C.F. Braun & Co.*, 370 F.2d 616 (10th Cir.1966); *Charles Dowd Box Co., Inc. v. Fireman's Fund Insurance Co.*, 303 F.2d 57 (1st Cir.1962). This rule does not, as Able suggests, allow district courts to "manufacture jurisdiction" by accepting an improper removal, denying certification, remanding non-diverse parties, and entering judgment on the remaining claims. Our holding is not a rigid one, and should a district court deny certification in a case where the propriety of removal is doubtful, we would examine an appeal in light of that fact.

Here, judicial economy and finality require that the district court's judgment be allowed to stand. Where a matter has proceeded to judgment on the merits and principles of federal jurisdiction and fairness to parties remain uncompromised, to disturb the judgment on the basis of a defect in the initial removal would be a waste of judicial resources. *See Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972). Although the interest in judicial economy is most pressing where an action has proceeded to trial, we feel that the same considerations are applicable to summary judgment. *See Stone v. Stone*, 632 F.2d 740, 742 (9th Cir.1980). Able has

failed to show that reversal is warranted at this late date.

The judgment of the district court is AFFIRMED.