Mildred MARSHALL, Plaintiff–Appellant,

v.

MANVILLE SALES CORPORATION, Defendant–Appellee,

and

Robert L. Mason, Defendant.

No. 92–2211.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1993.

Decided Oct. 4, 1993.

Leman Walton Auvil, Pyles & Auvil, Parkersburg, WV, argued for appellant.

Robert James Kent, Bowles, Rice, McDavid, Graff & Love, Parkersburg, WV, argued (John R. Teare, Jr., Bowles, Rice, McDavid, Graff & Love, Charleston, WV, on brief), for defendant-appellee.

Before NIEMEYER and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.

## OPINION

BUTZNER, Senior Circuit Judge:

In this appeal Mildred Marshall assigns error to the district court's judgment that the statute of limitations bars her claim of employment discrimination under the West Virginia Human Rights Act, W.Va.Code § 5–11–1 et seq., against her former employer, Manville Sales Corporation. She also assigns error to the district court's denial of her motion to remand to a West Virginia court her action against Robert L. Mason and Manville.

Concluding that summary judgment was improper, we vacate Manville's judgment. Having vacated the final judgment and concluding that the dismissal of Mason and denial of Marshall's motion to remand were improper, we reinstate Mason, remand this case to the district court, and direct the court to remand to state court.

## I

Manville, a Delaware corporation based principally in Colorado, employed Marshall in a West Virginia plant from May 1, 1964, until her retirement on October 1, 1990. In January 1988, she notified Robert Mason, the plant manager, that she felt that her salary was not commensurate with her responsibilities as materials coordinator or with the pay of males in similar positions. Neither Mason nor Manville took action to remedy Marshall's complaints. In January 1989, a younger man was promoted into the position of buyer, a job for which Marshall maintains she was qualified. Marshall asserts that Mason was directly involved in the discrimination about which she complained.

On March 24, 1989, Marshall filed claims alleging sex and age discrimination with the West Virginia Human Rights Commission. The Commission issued notices of a right to sue Marshall on September 15, 1989, and March 16, 1990.

On October 12, 1991, Marshall filed suit in the Circuit Court of Wood County, West Virginia, naming Mason and Manville as defendants. Manville removed the suit to federal court, stating that Marshall had fraudulently joined Mason, a West Virginia resident, to avoid federal diversity jurisdiction. On May 29, 1992, the district court dismissed Mason from the action because he was not Marshall's employer, and it denied Marshall's motion to remand her action to state court. The district court then granted summary judgment to Manville, ruling that the statute of limitations barred Marshall's action. We review a district court's grant of summary judgment de novo. Atlas Machine and Iron Works, Inc. v. Bethlehem Steel Corp., 986 F.2d 709, 712 (4th Cir.1993).

## II

■ The district court held that Marshall had failed to commence her action within the 90 days allowed after a claimant has received a right-to-sue letter and within the 2–year statute of limitations. W.Va.Code §§ 5–11–13(b) and 55–2–12. For the purpose of applying the two-year statute of limitations, the court held that Marshall's claims of alleged discrimination occurred on October 6, 1988, and January 4, 1989.

The district court did not address the merits of Marshall's claim of continuing discrimination. Instead, it held that Marshall failed to adequately plead continuing discrimination because she did not show a factual basis for the claim.

Marshall alleged that she had worked for Manville since 1964; she had never been reprimanded; she had always received excellent performance evaluations. Nevertheless, she alleged, because of gender and age discrimination she had been paid less than men performing the same work. She also alleged discriminatory denial of promotion. In addi-

tion, she claimed that because her pay was lower than it would have been had there been no discrimination, her pension is reduced.

Manville was well aware that Marshall claimed wrongful discrimination with respect to compensation disparity based on gender and age. In its notice of removal it stated that although the complaint does not demand a sum certain, the amount in controversy exceeds $50,000 exclusive of interest and costs because Marshall claims a continuing injury. Indeed, if Marshall's pleading were to be read as not alleging a continuing injury, the court would probably lack subject matter jurisdiction because of an inadequate amount in controversy.

The parties have not called our attention to any West Virginia case precisely on point. Nevertheless, dicta in *West Virginia Institute of Technology v. Human Rights Comm'n*, 181 W.Va. 525, 383 S.E.2d 490 (1989), persuades us that the West Virginia Supreme Court would adopt the continuing violation doctrine when considering whether an action had been brought within the two-year statute of limitations.

The Court defined a continuing violation in the context of a statute of limitations as follows:

> "Unlawful employment discrimination in the form of compensation disparity based upon a prohibited factor such as race, gender, national origin, etc., is a "continuing violation," so that there is a present violation of the antidiscrimination statute for as long as such compensation disparity exists; that is, each paycheck at the discriminatory rate is a separate link in a chain of violations. Therefore, a disparate-treatment employment discrimination complaint based upon allegedly unlawful compensation disparity is timely brought if it is filed within the statutory limitation period after such compensation disparity last occurred.

383 S.E.2d at 499. It is readily apparent that Marshall's allegation of an unlawful continuing injury caused by compensation disparity based on gender and age satisfies this definition of a continuous violation. The West Virginia Court cited *West Virginia Human Rights Comm'n v. United Transporta-*

*tion Union*, 167 W.Va. 282, 292, 280 S.E.2d 653, 658–59 (1981), which applied the continuing violation theory in the context of the 90–day limitation contained in the Human Rights Act. The Court also included among the authorities that it cited *Jenkins v. Home Ins. Co.*, 635 F.2d 310 (4th Cir.1980), which applied the continuing violation theory in the context of the statute of limitations.

Manville's reliance on *Hill v. AT & T Technologies, Inc.*, 731 F.2d 175 (4th Cir. 1984), is misplaced. The intervenor who alleged a continuous violation in *Hill* was complaining about discrimination in hiring practices. Refusal to hire is not a continuous violation. It is a distinct act, and the statute of limitations runs from the date of refusal. Refusal to hire, unlike continuous pay disparity, is not a present violation. Present violation in the context of limitations means a violation within the time allowed by a statute of limitations. 731 F.2d at 180.

Marshall retired October 1, 1990. Her allegedly unlawful compensation disparity continued until that time. She commenced this action on October 12, 1991, well within the two-year statute of limitations that the district court identified as applicable. Her suit was timely, and we must vacate the district court's judgment of dismissal.

### III

■ Marshall also assigns error to the district court's denial of her motion to remand her suit to the state court from which it was in her view wrongfully removed.

Ordinarily we would not consider this assignment of error on appeal of the district court's final judgment. In *Able v. Upjohn Co.*, 829 F.2d 1330 (4th Cir.1987), we held that we would not disturb a district court's final judgment on the basis of a defective removal when the plaintiff had failed to seek an interlocutory appeal of the order denying remand. 829 F.2d at 1333–34; *accord Sorosky v. Burroughs Corp.*, 826 F.2d 794, 798–99 (9th Cir.1987). *But see Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 n. 2 (5th Cir.1990). *Able* is based on the well-established principle that jurisdiction to enter final judgment will be upheld even though there

was no right of removal when "the federal trial court would have had original jurisdiction of the controversy had it been brought in the federal court in the posture it had at the time of the actual trial of the cause or of the entry of the judgment." *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 16, 71 S.Ct. 534, 541, 95 L.Ed. 702 (1951). *See also Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972). *Able* points out that judicial economy and interests in finality are served by not disturbing a final judgment when a party aggrieved by removal could have sought appeal of the issue early in the proceedings. 829 F.2d at 1333.

The merits of the controversy between Marshall and both Mason and Manville have not been resolved by either summary judgment or trial. The district court never considered the merits. The case is now virtually where it was at the time it was removed to federal court. Because the statute of limitations is not a bar to Marshall's action, the case must now be tried by either the state or federal court.

The district court did not direct entry of a final judgment when it dismissed Mason. As a result of our vacating the summary judgment in favor of Manville in part II of this opinion, there is now no final judgment adjudicating the claims, rights, and liabilities of all the parties. Therefore, the decision to dismiss Mason is subject to revision. Fed. R.Civ.P. 54(b). Under these circumstances, because the case was wrongfully removed, as explained in part IV, Mason should be reinstated as a party and the case remanded to state court.

Review of the district court's denial of the motion to remand will effectuate Congress' clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction. *See American Fire,* 341 U.S. at 10, 71 S.Ct. at 538; *Able,* 829 F.2d at 1332. Where there has been a minimum investment of the parties' time and judicial resources, we can realize this intent without harming the interests of finality or judicial economy. *See Chivas Products Ltd. v. Owen,* 864 F.2d 1280, 1286–87 (6th Cir.1988).

## IV

Marshall contends that she had a valid cause of action against Mason under West Virginia law. Manville maintains that Mason was fraudulently joined because he could not possibly be viewed as an employer under W.Va.Code § 5–11–9(a)(1), which prohibits "any employer" from discriminating against an individual regarding wages and other conditions of employment.

Manville's argument overlooks Marshall's cause of action against Mason as a person. As the district court noted, Marshall also sought relief under another section of the Human Rights Act which provides that it is an unlawful discriminatory practice

for any person ... to: (A) engage in any form of threats or reprisals, or engage in, or hire, or conspire with others to commit acts or activities of any nature, the purpose of which is to harass, degrade, embarrass, or cause physical harm or economic loss or to aid, abet, incite, compel or coerce any person to engage in any of the unlawful discriminatory practices defined in this section....

W.Va.Code § 5–11–9(a)(9) (current version at W.Va.Code § 5–11–9(a)(7) (1992)). This section does not limit the potential defendants to employers as defined by the West Virginia Code. Under this section Mason can be held liable for his discriminatory actions as a person.

▮ In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either:

"[T]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or

[T]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981) (emphasis in original). The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even

after resolving all issues of fact and law in the plaintiff's favor. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992). A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted. 14A Charles A. Wright et al., *Federal Practice & Procedure* § 3723, at 353–54 (1985).

■ Manville has not shown outright fraud in Marshall's pleadings; therefore, it had to show that there is no possibility that Marshall could establish a cause of action against Mason in the West Virginia courts. As the plain language of W.Va.Code § 5–11–9(a)(9) supports such a cause of action, Marshall did not fraudulently join Mason. Marshall's complaint against both Mason and Manville constitutes a single wrong arising out of the actions taken by Mason. Consequently, there is no "separate and independent claim or cause of action" within the meaning of the removal statute, 28 U.S.C. § 1441(c). *See American Fire*, 341 U.S. at 9–16, 71 S.Ct. at 537–41. The district court should have granted her motion to remand. *See Yedla v. Electronic Data Systems, Inc.*, 764 F.Supp. 90 (E.D.Mi.1991).

### V

We vacate the summary judgment of the district court in favor of Manville on the issue of limitations. We also vacate the orders dismissing Mason and denying remand to the state court. Mason is reinstated as a party, and we remand the case to the district court with directions to remand it to the state court.

*VACATED AND REMANDED.*