Allen WRIGHT, A Minor, by Tina WRIGHT and Alvin O. Wright, His Parents and Next Friends; Tina Wright, Mother of Allen Wright; and Alvin O. Wright, Father of Allen Wright

v.

LEAD INDUSTRIES ASSOCIATION, INC.; NL Industries, Inc.; Atlantic Richfield Company; The Sherwin–Williams Company; SCM Corporation; The Glidden Company; St. Joe Minerals Corporation; E.I. DuPont de Nemours & Company; Fuller & O'Brien; and A. Bauer & Company.

Alvin WRIGHT, Deceased, a Minor, by His Personal Representative, Alvin O. WRIGHT; Tina Wright, Mother of Alvin Wright, Deceased and Alvin O. Wright, Father of Alvin Wright, Deceased,

v.

LEAD INDUSTRIES ASSOCIATION, INC.; NL Industries, Inc.; Atlantic Richfield Company; The Sherwin–Williams Company; SCM Corporation; The Glidden Company; St. Joe Minerals Corporation; E.I. DuPont de Nemours & Company; Fuller & O'Brien; and A. Bauer & Company.

Civ. Nos. S 95–473, S 95–474.

United States District Court,
D. Maryland.

March 2, 1995.

Peter G. Angelos, Thomas L. Samuel, Ronald E. Richardson, Law Offices of Peter G. Angelos, Baltimore, MD, for plaintiffs.

Dean M. Harris, Atlantic Richfield Co., Los Angeles, CA, Otis P. Pearsall, Philip H. Curtis, Deborah Goldberg, Arnold & Porter, New York City, Robert N. Weiner, Murray R. Garnick, Arnold & Porter, Washington, DC, for Atlantic Richfield Co.

Timothy S. Hardy, Kirkland & Ellis, Washington, DC, Jeffrey A. Hall, Bartlit, Beck, Herman, Palenchar & Scott, Chicago, IL, for NL Industries, Inc.

Edward F. Houff, Church & Houff, P.A., Baltimore, MD, Paul M. Pohl, Charles H. Moellenberg, Jr., John E. Iole, Jones, Day, Reavis & Pogue, Pittsburgh, PA, for Sherwin–Williams Co.

Charles S. Hirsch, Ballard, Spahr, Andrews & Ingersoll, Baltimore, MD, Earl W. MacFarlane, E.I. DuPont De Nemours & Co., Wilmington, DE, for E.I. DuPont De Nemours & Co.

Harold J. Engel, Popham, Haik, Schobrich & Kaufman, Ltd., Washington, DC, G. Marc Whitehead, Michael T. Nilan, Popham, Haik, Schobrich & Kaufman, Ltd., Minneapolis, MN, for SCM Corp. and The Glidden Co.

Wade R. Joyner, Crowley, Barrett & Karaba, Ltd., Chicago, IL, for Fuller–O'Brien Corp., sued as Fuller & O'Brien.

Mark L. Sullivan, Sullivan, Sullivan & Pinta, Boston, MA, for Lead Industries Ass'n, Inc.

Walter W. Nowotny, The Doe Run Co., St. Louis, MO, for Doe Run Resources Corp., sued as St. Joe Minerals Corp.

Martin E. Marvel, A. Bauer & Co., Baltimore, MD, for A. Bauer & Co.

James P. Ulwick, Kramon & Graham, P.A., Baltimore, MD, for NL Industries, Inc.

## MEMORANDUM OPINION

SMALKIN, District Judge.

These matters are before the Court on the plaintiffs' motion to remand each one to the Circuit Court for Baltimore City, from which they were removed by the defendants. The motions have been fully briefed. No oral hearing is necessary. Local Rule 105.6, D.Md.

These cases concern the alleged lead paint poisoning of one Allen Wright, born in 1979, and the alleged lead paint poisoning and death of one Alvin Wright, born in 1977, both of whom resided in a house built in the 1920's. The plaintiffs, all Maryland citizens, sued a host of non-Maryland defendants and a small, Baltimore hardware store, alleging causes of action for strict liability, breach of warranty, negligence, conspiracy, and fraud, all tied to the defendants' manufacture, distribution, and sale of lead-based house paint.

After removal of these cases, the Maryland-citizen plaintiffs moved to remand, noting that there was a plain absence of complete diversity of citizenship, due to the presence of the Maryland hardware store, A. Bauer & Company (Bauer) as a defendant. The defendants oppose remand, arguing that Bauer was fraudulently joined to prevent these cases from falling within the subject matter jurisdiction of this Court under 28 U.S.C. § 1332.

The two situations justifying refusal to recognize the presence of a non-diverse defendant were recently stated by the Fourth Circuit in *Marshall v. Manville Sales Corp.*, 6 F.3d 229 (4th Cir.1993). There certainly has not been any outright fraud in the plaintiffs' pleading of jurisdictional facts, so, in order to justify retention of these cases in the federal court, the defendants must satisfy the heavy burden of showing that the plaintiffs cannot establish a claim against Bauer even after resolving all issues of fact and law in the plaintiffs' favor. 6 F.3d at 232–33. Stated another way, all that need be shown by the plaintiffs is that they have a possibility of a right to relief against the non-diverse defendant. *Id.*

Although the naming of Bauer in these cases has a distinctly fishy odor about it, as the Court strongly suspects that Bauer—from whom there is little hope of recovering any meaningful judgment—was added for the purpose of keeping this case out of a federal court, suspicions and fishy odors are not enough to confer jurisdiction upon this Court, so long as there is a possibility that a judgment can be returned against Bauer. It appears, on the present record, that Bauer at one time might have sold lead paint, which was applied to the residence in question. Although there may be factual disputes as to when and whether Bauer sold lead-based paint, and when and whether it was applied to the Wrights' house, the Court must resolve all disputed facts in plaintiffs' favor at this juncture. Analyzing whether there is a possibility of relief against Bauer, the Court first holds that plaintiffs' conspiracy and fraud claims are patently absurd as regards the small family-owned Bauer hardware store, and their warranty claim is obviously barred by Md.Com.Law Code Ann. § 2–725. Nonetheless, there is a slight possibility—on the basis of the plaintiffs' pleading and proffered facts, untested by summary judgment—that a jury could find that Bauer is liable on the negligence and the strict liability counts. Therefore, under the rule in *Marshall, supra*, this Court is compelled, albeit reluctantly, to grant the plaintiffs' remand motions in these cases.

Of course, should the state court proceedings against Bauer terminate within the one-year period provided in 28 U.S.C. § 1446(b), and should the remaining defendants all still be diverse in citizenship *vis-a-vis* the plain-

tiffs, and removal could properly be made under § 1446, but removal is not possible now under settled Fourth Circuit case law.

For the reasons stated, an Order will be entered separately, remanding these cases to the Circuit Court for Baltimore City, Maryland, with each party to bear its own costs, expenses, and attorney's fees for removal and remand.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is, this 2nd day of March, 1995, by the Court, ORDERED:

1. That plaintiffs' motions to remand BE, and they hereby ARE, GRANTED;

2. That the above captioned cases BE, and they hereby ARE, REMANDED to the Circuit Court for Baltimore City, Maryland, with each party to bear its own costs, expenses, and attorney's fees for removal and remand;

3. That the Clerk of Court forward a certified copy of this Order to the Clerk for the Circuit Court for Baltimore City forthwith and transmit the files to the Clerk of said court.