**John E. FREEMAN, Plaintiff,**

**v.**

**BRAGUNIER MASONRY CONTRACTORS, INC., et al., Defendants.**

**No. AMD 96–1140.**

United States District Court, D. Maryland.

June 14, 1996.

William B. Whiteford, Anne Talbot Brennan, Thomas J. Whiteford, Whiteford, Taylor & Preston, L.L.P., Towson, MD, for plaintiff.

Terrence M.R. Zic, Wright, Robinson, Osthimer & Tatum, Washington, D.C., for defendant Sverdrup Facilities, Inc.

Joel M. Savits, Jordan, Coyne & Savits, Washington, D.C., for defendant Lynchburg Steel & Specialty Company.

Richard T. Sampson, Semmes, Bowen & Semmes, P.C., Baltimore, MD, for defendant Bragunier Masonry Contractors, Inc.

## MEMORANDUM

DAVIS, District Judge.

This personal injury action arises out of an accident that occurred during the construction of a federal courthouse in Alexandria, Virginia. The plaintiff, John E. Freeman, filed this suit in the Circuit Court for Baltimore City, Maryland, alleging common law damage claims on negligence and strict liability theories against Bragunier Masonry Contractors, Inc., Lynchburg Steel and Specialty Company, and Sverdrup Facilities, Inc., all of which were contractors employed on the courthouse project. Sverdrup timely removed the case to this Court on the basis that, but for the fraudulent joinder of Bragunier, there was complete diversity between the parties, and that removal jurisdiction was therefore proper under 28 U.S.C. §§ 1332 and 1441(b).

Pending before the Court are several motions: Sverdrup's motion to dismiss, Freeman's motion to remand, and Lynchburg's motion for summary judgment. The gravamen of the issues presented in all these motions is whether the law applicable in this case is that of the Commonwealth of Virginia, where the accident occurred, or that of the State of Maryland, the domicile of the plaintiff and defendant Bragunier. This choice of law issue, however, need not be addressed here, for the Court's jurisdictional inquiry, necessitated by the motion to remand, reveals that Sverdrup has failed to satisfy its burden to show that Freeman fraudulently joined Bragunier in an effort to defeat diversity jurisdiction. Thus, the Court shall grant Freeman's motion to remand on the basis that removal was demonstrably improvident. Sverdrup's motion to dismiss and Lynchburg's motion for summary judgment shall not be reached, and those motions remain open for determination in state court.

▪ To be sure, the choice of law issue largely overlaps the jurisdictional issue. In other words, if Virginia law applies, then plaintiff does not have a viable claim against any defendant by virtue of an immunity granted by the Virginia workers' compensation scheme. On the other hand, if Maryland law applies, then it seems equally clear that Freeman has alleged viable common law claims, based upon joint and several liability, at least against Bragunier and Sverdrup.[1] Although in this Court's view, the defendants appear to have the more persuasive argument (that Virginia law and not Maryland law should apply), the correct answer to the question of which state's law should apply is not so clearly dictated by Maryland caselaw that Freeman's reliance upon Maryland law can reasonably be called "fraudulent" under the "fraudulent joinder" doctrine. Since the question of which state's law should apply is a fairly debatable question, Sverdrup cannot bootstrap this Court's subject matter jurisdiction via the underlying choice of law question.

Generally, a defendant may remove from state court any civil action over which the federal district court has original jurisdiction. 28 U.S.C. § 1441(a). For removal based on diversity jurisdiction, however, section 1441(b) provides that an action is removable only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Here, Sverdrup bears the burden to prove, as it has asserted, that Bragunier was fraudulently joined for the purpose of defeating federal jurisdiction.

▪ In order to establish that Freeman fraudulently joined Bragunier, Sverdrup must show either:

That there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or

That there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

*Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981)) ("The burden on the defendant claiming fraudulent joinder is heavy: the de-

---

1. Defendant Lynchburg asserts the existence of a statutory immunity from suit under Maryland law as well as under Virginia law. This Court's resolution of the subject matter jurisdiction issue leaves this question, as well as the general choice of law question, for determination in state court.

fendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in plaintiff's favor."). *See also id.* at 233 ("A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted."); *Birnbaum v. SL & B Optical Centers, Inc.*, 905 F.Supp. 267, 269–70 (D.Md.1995). Cf. 14A Charles A. Wright, et al., *Federal Practice & Procedure* § 3723, at 353–54 (1985).

In the instant case, Sverdrup has not shown that there is no possibility that Freeman could establish a claim of negligence against Bragunier in state court; nor has Sverdrup even suggested that there has been outright fraud in Freeman's pleadings. (Indeed, it is worth noting that Bragunier has not expressly joined in the argument that Virginia law applies to this case; seemingly it concedes that Maryland law applies.) Accordingly, the Court concludes that Bragunier, a Maryland corporation, was not fraudulently joined. Thus, the motion to remand shall be granted by separate order entered herewith.