**Jeffrey Neal GRAHAM and Rene Rose Graham, Plaintiffs,**

v.

**THE WEST VIRGINIA DIVISION OF HIGHWAYS, Defendant;**

No. CIV.A. 5:02–1432.

United States District Court,
S.D. West Virginia,
Beckley Division.

Feb. 6, 2003.

---

John D. Wooton, The Wooton Law Firm, Beckley, WV, for Plaintiff.

Harold B. Wolfe, III, Princeton, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER

CHAMBERS, District Judge.

Defendant removed this case to this Court on December 12, 2002. Plaintiffs moved for remand, asserting Defendant's removal petition was untimely and that this Court lacked subject matter jurisdiction over the action. Defendant contended its removal petition was filed timely and that federal question jurisdiction, pursuant to 28 U.S.C. § 1331, provided a basis for removal of the action. For the reasons that follow, the Court **GRANTS** Plaintiffs' motion for remand, and **ORDERS** the case be **REMANDED** to the Circuit Court of Raleigh County, West Virginia.

Removal petitions usually must be filed within thirty days of the filing of plaintiff's initial pleading, here the complaint. 28 U.S.C. § 1446(b). Defendant does not dispute that its removal petition was filed more than thirty days after the filing of Plaintiffs' complaint. Instead Defendant contends it is permitted removal past thirty days because a federal question was not sufficiently posed by the complaint, and a sufficient basis for federal question jurisdiction did not become evident to them until November 11, 2002. Defendant relies upon 28 U.S.C. § 1446(b), which states, in pertinent part:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]

Defendant contends the case stated by the initial pleading was not removable and they were unable to ascertain sufficiently federal question jurisdiction, and thus the removability of the case, until receipt of certain admissions from the Plaintiffs on November 11, 2002. On that date Plaintiffs admitted in answers to Defendant's interrogatories that they were alleging the Defendant had violated federal laws.

 An action may be removed to a federal district court if it is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441(b). District courts have original jurisdiction of actions arising under the laws of the United States. *Id.* § 1331. An action arises under the laws of the United States for purposes of section 1331 if the federal claim appears on the face of a well pleaded complaint; the federal issue must exist as part of the plaintiff's cause of action. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152–54, 29 S.Ct. 42, 53 L.Ed. 126 (1908), *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A federal right must be an essential element of the plaintiff's claim; "the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Additionally, removal statutes must be strictly construed against removal. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993); *Castle v. Laurel Creek Co., Inc.*, 848 F.Supp. 62, 65 (S.D.W.Va.1994); *Griffin v. Holmes*, 843 F.Supp. 81, 84 (E.D.N.C.1993). Any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction. *Marshall v. Manville Sales Corp., supra*, 6 F.3d at 232.

■ The Court finds, without question, that Plaintiffs' initial complaint stated a cause of action for a violation of federal law. Here, the complaint alleges that the action is brought "pursuant to the Uniform Relocation Assistant and Land Acquisitions Act of 1970" and that the Defendant's actions violated the provisions thereof. Complaint ¶¶ 3, 5. On its face, the complaint makes an allegation of a claim arising under federal law and raises a federal question. However, Defendant seeks to deny the initial complaint stated a federal cause of action by suggesting the allegation was too vague to ascertain federal question jurisdiction. Defendant relies upon the "well-pleaded complaint" rule, contending Plaintiffs' complaint did not truly state a federal cause of action because it was too vague, and.was therefore not "well-pled."

■ The Court concludes Defendant's reliance upon the well-pleaded complaint rule is misplaced. The well-pleaded complaint rule is designed *to protect the plaintiff* from a defendant reading a cause of action into a complaint where none is stated. The rule is designed to allow the plaintiff the right to choose the forum for the action. The plaintiff may either assert state causes of action only, or he or she may include federal causes of action, thereby leaving the action vulnerable to removal by the defendant. The defendant may then file a removal petition within thirty days of the date he receives paper notice of the plaintiff's assertion of a federal cause of action. After removed to federal court, a plaintiff will not be able to remand the claim to state court if she has asserted a federal question unless the defendant has filed an untimely notice of removal. 28 U.S.C. § 1446(b). The well-pleaded complaint rule *protects* a plaintiff from a defendant who seeks to remove a case where no federal cause of action has been asserted, *e.g.*, where a defendant asserts federal law provides a defense to a plaintiff's well-pled state cause of action.[1] As stated in *State ex rel. Brown v. American Television and Communications Corp.*, 1988 WL 72619, *1 (S.D.W.Va.1988):

> A corollary of the wellpleaded complaint rule states that the party who brings a suit is master of his claim and as such may determine to forego a federal claim and restrict his suit to state court on a state-created claim. If the plaintiff so decides, his case generally cannot be removed. 13A Wright, Miller & Cooper, Jurisdiction 2d §§ 3566.

■ In the case at hand, Defendant has asserted, in order to preclude the running of time for removal purposes, that no federal question existed until Plaintiffs' discovery responses, even though Plaintiffs asserted a federal question on the face of their complaint. True, Plaintiffs improperly stated the name of the federal law at issue, but not such that the Court cannot easily discern the presence of a federal question on the face of the complaint.[2]

1. There are exceptions to the well-pleaded complaint rule: where "complete pre-emption by federal law exists," *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987), or where the plaintiff seeks to conceal the true federal nature of his claim through "artful pleading," the court will look beyond the complaint to determine whether a federal question persists precluding remand. *See generally*, 15 JAMES

WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ch. 103 (3d ed.1997).

2. The federal act in question is located in United States Code, Title 14 and properly cited as "Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970." Plaintiffs cited the Act in paragraph 3 of their complaint as, "Uniform Relocation Assistance in Land Acquisition Policies Act of 1970," and in paragraph 5 as, "Uniform Relo-

Additionally, even if it were not immediately apparent to Defendant that Plaintiffs' complaint presented a removable federal question, the Court questions the sincerity of Defendant's claim that it was not until *after* Plaintiffs responded to their interrogatories that a removable federal question was presented. In fact, the Court finds that Plaintiffs' answers to Defendant's interrogatories actually blur the issue as to whether Plaintiffs' claim is in any part based on the violation of federal law. However, the Court places little stock in Plaintiffs' attempts to claim their case *is not* based on federal law when facing the possibility of Defendant removing the case to this Court. Plaintiffs specifically, even if unintentionally, raised a federal question on the face of their complaint, and the action was removable within thirty days of the filing of the complaint *regardless of the vagueness of the allegations.*

In this case the action became ripe for the filing of a removal petition when Plaintiffs filed their complaint. Plaintiffs did not attempt, through artful pleading, to hide their federal cause of action; they repeatedly expressed it on the face of their complaint. Defendant was clearly put on notice Plaintiffs were asserting a federal cause of action, however vague. The Court notes Defendant had a remedy if they considered the Plaintiffs' allegation *too vague to understand.* Rule 12(e) of the *Federal Rules of Civil Procedure* allow for the filing of a motion for a more definite statement. Rule 12(e) states:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and

the details desired. If the motion is granted and the order of the court is not obeyed within ten days after such notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such other order as it deems just.

However, Defendant's chosen course of action in response to an allegedly vague complaint was to allow more than five months to pass from the date the complaint was filed and then file interrogatories on Plaintiffs. Equally perplexing to this Court is that Defendant appeared and answered Plaintiffs' complaint in the Circuit Court of Raleigh County, West Virginia, *prior to* Plaintiffs' answers to the submitted interrogatories and prior to the filing of the removal petition with this Court. Had Defendant filed a removal petition within thirty days of receipt of Plaintiffs' complaint, Plaintiffs could not then attempt to defeat the removal by denying a federal question was posed; nor could the court thereafter remand the case because the federal cause of action was vague. The thirty day period for filing a removal petition began to run upon the filing of Plaintiffs' complaint.

Based upon the foregoing, the Court concludes Defendant's removal petition was untimely. Defendant clearly had knowledge from the face of Plaintiffs' complaint Plaintiffs were asserting a federal claim. They could have sought removal then, but failed to do so timely. For these reasons, the Court **GRANTS** Plaintiffs' motion for remand, and the case is **REMANDED** to the Circuit Court of Raleigh County, West Virginia.

The Court **DIRECTS** the Clerk to send a copy of this Order to all counsel of record and any unrepresented parties and

cation Assistant and Land Acquisition Act of 1970."

a certified copy of this Order to the Clerk of the Circuit Court of Raleigh County, West Virginia. The Court also **DIRECTS** the Clerk to publish this Memorandum Opinion and Order on the Court's website.