Comella BAISDEN, Plaintiff,

v.

BAYER CORPORATION and James W. Endicott, M.D., Defendants.

No. CIV.A. 2:03–0526.

United States District Court, S.D. West Virginia, Charleston Division.

Aug. 11, 2003.

Marvin W. Masters, Esq, Charles M. Love, IV, Esq., Masters & Taylor, Charleston, for Plaintiff.

D.C. Offutt, Jr., Esq., Cheryl A. Simpson, Esq., Offutt, Fisher & Nord, Charleston, for Defendant James Endicott, M.D.

Michael J. Farrell, Esq., Tamela J. White, Esq., Erik W. Legg, Esq., Farrell Farrell & Farrell, Huntington, Gene C. Schaerr, Esq., Sidley Austin Brown & Wood, LLP, Washington, DC, for Defendant Bayer Corporation.

### MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

Pending is Plaintiff's motion to remand this action to the Circuit Court of Kanawha County, West Virginia, which the Court **DENIES.**

Comella Baisden, a citizen of West Virginia, brought this action in state court against the Bayer Corporation, a resident of Indiana with its principal place of business in Pennsylvania. Also named as Defendant is Baisden's personal physician, James W. Endicott, M.D., a West Virginia resident. Bayer Corporation timely removed to this Court, claiming federal diversity jurisdiction under 28 U.S.C. § 1332 is satisfied because Dr. Endicott was fraudulently joined. Plaintiff responds her

Amended Complaint states a cause of action against Dr. Endicott for medical malpractice.

■ Removal statutes must be construed strictly against removal. *See Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir.1994); *accord Murray v. State Farm Fire & Cas. Co.*, 870 F.Supp. 123, 124 (S.D.W.Va.1994). The burden of establishing the propriety of removal falls upon the removing party. *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, remand is necessary. *Id.; see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The district court may assert subject matter jurisdiction under Section 1332 in removed cases only if complete diversity of citizenship between the parties on either side of the dispute existed at the time of removal. *Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir.1989) (en banc).

■ To show fraudulent joinder, the removing party must demonstrate either "outright fraud in the plaintiff's pleading of jurisdictional facts" or that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993) (internal quotation marks omitted). Bayer does not allege any bad faith in pleading, so the only inquiry is whether Baisden has any possibility of recovery against Dr. Endicott.

■ The party alleging fraudulent joinder bears a heavy burden: it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. *Id.* at 232–33. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under *Rule* 12(b)(6), *Federal Rules of Civil Procedure. See, e.g., Batoff v. State Farm Ins. Co.*, 977

F.2d 848, 852 (3d Cir.1992) (inquiry into validity of complaint is more searching under Rule 12(b)(6) than when party claims fraudulent joinder). "A claim need not succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall*, 6 F.3d at 233 (citing 14A Charles A. Wright et al., Federal Practice & Procedure § 3723, at 353–54 (1985)).

Baisden's Amended Complaint alleges that Bayer manufactured, marketed and distributed Cerivastatin/Baycol ("the drug"), which had deleterious effects on human health including rhabdomylysis, myopathy and kidney damage. Baisden's claims are based in strict liability, negligence, intentional tort, misrepresentation, fraud, breach of warranties, and unfair and deceptive trade practices. In support of these claims, Baisden alleges Bayer knew or should have known of the dangers of the drug, but failed to advise and warn clinics, physicians, the public or others of those dangers. (Am.Compl.¶¶ 15, 16, 19.) Instead, Baisden alleges Bayer withheld information from the public, physicians, pharmacies, clinics, and the medical community that would have prevented exposure to these dangers while encouraging the drug's use, solely to make a profit. (*Id.* ¶¶ 20, 21 22, 24.) Further, she alleges Bayer provided false and misleading information by providing only partial information concerning the drug's ill effects, thus misleading Baisden and others into believing the drug was safe and effective. (*Id.* ¶¶ 25, 26.)

Baisden's claim against Dr. Endicott alleges he "purchased, advertised, marketed, prescribed, distributed and/or sold the drug" to Baisden. (*Id.* ¶ 7.) She further alleges Dr. Endicott failed to recognize her symptoms, monitor her medical condition, and appropriately evaluate and treat her with respect to her medication, Baycol and Lopid. (*Id.* ¶ 69.) As a direct and proxi-

mate result of Dr. Endicott's negligence, Baisden sustained damages of pain, expense, loss of enjoyment, and so forth. Lopid, not mentioned elsewhere in the Complaint, is described in a Screening Certificate of Merit, an affidavit appended as an exhibit to Plaintiff's motion to remand, as the brand name of gemfibrozil. Plaintiff's memorandum asserts without citation that combined drug treatment with Baycol and Lopid is contraindicated on Bayer's package inserts because the drug interaction can cause rhabdomyolysis.

The question, then, is whether Baisden's Amended Complaint states a claim against Dr. Endicott when all inferences and questions of law and fact are resolved in her favor. Under Fed.R.Civ.P. 8(a), a pleading must contain: (1) a short, plain statement of the grounds for jurisdiction; (2) a short, plain statement of the claim, showing plaintiff is entitled to relief; and (3) "a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a). Under notice pleading, it is not necessary that she provide the factual basis for that claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)(complaint in an employment discrimination lawsuit need not allege specific facts establishing a *prima facie* case of discrimination). Our Court of Appeals, however, has not interpreted *Sorema* to alter the "basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim." *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir.2002).

■ To establish a legally cognizable medical malpractice claim under West Virginia law, Plaintiff must prove:

(a) The health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and

(b) Such failure was a proximate cause of the injury or death.

W.Va.Code § 55–7B–3. Baisden alleges Endicott deviated from applicable standards of care in a series of listed acts, which failures proximately caused her injury. Two of the acts, as noted previously, also mention the medication Lopid.

Defendants have provided numerous cases, which they argue are similar to this one, on which courts have denied remand based on fraudulent joinder because a premise of the claim asserted against the non-diverse defendant is knowledge of the dangers posed by the drug at issue—a knowledge withheld from them by the co-defendant drug company, as the remainder of the complaint alleges. *See e.g., In re Baycol Products Litigation (Spier v. Bayer Corp.)*, Case No. 02–4835, 2003 WL 21223842 (D.Minn. May 27, 2003)(conclusory allegation doctor knew or should have known of Baycol's risks absent supporting factual assertions will not defeat fraudulent joinder); *Rezulin Products Liability Litigation*, MDL No. 1348, Case No. 02–Civ. 3583, 2003 WL 43356 (S.D.N.Y. Jan. 6, 2003)(claims doctor failed to warn about Rezulin, failed to test and monitor liver functions, cannot possibly be proven because premised on knowledge allegedly withheld); *Louis v. Wyeth–Ayerst Pharm.*, Civil Action No. 5:00CV102LN (S.D.Miss. Sept. 25, 2000)(non-diverse pharmacists fraudulently joined where, given allegations against manufacturers, no reasonable basis supports claim they knew or should have known of drug dangers).

In the Baycol and Rezulin cases that find fraudulent joinder, the impossibility of the claim against the non-diverse defendant(s) is implicit in the contradictory allegations: 1) defendant manufacturer hid the information that 2) non-diverse doctor or pharmacist knew or should have known.

In each of these cases, the premise of the case against the non-diverse defendant(s) that they knew or should have known of the dangers is undercut, defeated, and made impossible by the claims of fraud and misrepresentation against the manufacturers, who allegedly prevented anyone from knowing the dangers. That contradiction, apparent on the face of the complaint, is also present here.

Aside from *Count* XI against Dr. Endicott, the other ten counts of the Amended Complaint lie against the defendant drug manufacturer for Baycol-related injuries. The gravamen of the malpractice case against Dr. Endicott is his failure to know what allegedly was deliberately hidden: his failure to recognize, diagnose, monitor, supervise and treat Baisden for the effects of Baycol treatment. As well there are two references, not further illuminated, to the drug Lopid. According to Plaintiff's briefs, an interaction between Baycol and Lopid ostensibly was stated [1] in the literature provided with the drug.

Defendants correctly point out that jurisdiction is determined at the time of removal. The documents and claims supporting the interaction between Baycol and Lopid were not attached to the Amended Complaint or provided to Defendants at that time. The Court must consider the complainant's well-pleaded allegations as true and view the *complaint* in the light most favorable to the non-moving party. *Mylan*, 7 F.3d at 1134. Even under that lenient standard, the Amended Complaint does not state a claim against Dr. Endicott based on knowledge he should have known about a Baycol/Lopid drug interaction. That claim is nowhere presented on the face of the complaint, which does not assert either that there was such a drug interaction or that information about the

interaction was available to Endicott. The insertion of "Lopid" twice in the malpractice count is insufficient to state a claim on this basis under *Rule* 8(a) or *Dickson, supra*, 309 F.3d at 213.

For these reasons, the Court **FINDS** and **CONCLUDES** the claims against the manufacturer and the claims against the doctor, as stated in the Amended Complaint, cannot both be true. Dr. Endicott must be **DISMISSED** as fraudulently joined. Thus, complete diversity is present and Plaintiff's motion to remand is **DENIED.**

The Clerk is directed to send a copy of this Order to counsel of record. The opinion is published on the Court's website at http://www.wvsd.uscourts.gov.

---

1. The only basis provided is a conclusory statement, without citation or attribution, contained in Plaintiff's memorandum of law.