**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1067**

———————

MAURICE BESSINGER; PIGGIE PARK ENTERPRISES,
INCORPORATED,

                                          Plaintiffs - Appellants,

        versus

FOOD LION, LLC; BOBBY DALTON,

                                          Defendants - Appellees.

———————

**No. 04-1068**

———————

MAURICE BESSINGER; PIGGIE PARK ENTERPRISES,
INCORPORATED,

                                          Plaintiffs - Appellants,

        versus

MIKE   GRAYBEAL;   WINN   DIXIE   CHARLOTTE,
INCORPORATED,

                                          Defendants - Appellees.

———————

**No. 04-1069**

———————

MAURICE BESSINGER; PIGGIE PARK ENTERPRISES,
INCORPORATED,

                                          Plaintiffs - Appellants,

versus

SAM'S CLUB, INCORPORATED,

                                        Defendant - Appellee,

        and

CHARLIE GURISCO,

                                        Defendant.

_____

**No. 04-1070**

_____

MAURICE BESSINGER; PIGGIE PARK ENTERPRISES,
INCORPORATED,

                                        Plaintiffs - Appellants,

        versus

WAL-MART STORES, INCORPORATED,

                                        Defendant - Appellee,

        and

LARRY LOLLIS,

                                        Defendant.

_____

**No. 04-1071**

_____

MAURICE BESSINGER; PIGGIE PARK ENTERPRISES,
INCORPORATED,

                                        Plaintiffs - Appellants,

        versus

-2-

HARRIS TEETER, INCORPORATED; RANDY RASMUSSEN,

Defendants - Appellees.

---

Appeals from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Chief District Judge. (CA-03-2828-3-17; CA-03-2874-17-8; CA-03-2807-4-17; CA-03-2810-8-17; CA-03-3153-2-17)

---

Argued: September 30, 2004          Decided: November 19, 2004

---

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

---

Affirmed by unpublished opinion. Judge Niemeyer wrote the opinion, in which Judge Widener and Judge Luttig joined.

---

**ARGUED:** Glen Winston La Force, Sr., Hilton Head Island, South Carolina, for Appellants. E. Raymond Moore, III, MURPHY & GRANTLAND, P.A., Columbia, South Carolina; Cheryl Anne Falvey, AKINS, GUMP, STRAUSS, HAUER & FELD, L.L.P., Washington, D.C., for Appellees. **ON BRIEF:** George H. McMaster, TOMPKINS & MCMASTER, Columbia, South Carolina, for Appellants. Paul D. Harrill, Jonathan M. Milling, MCNAIR LAW FIRM, P.A., Columbia, South Carolina, for Appellees Del Haiz, America, Inc., and Bobby Dalton; Donald A. Cockrill, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Greenville, South Carolina, for Appellees Winn-Dixie Stores, Inc., and Mike Graybeal; Jeffrey Parker Dunlaevy, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Greenville, South Carolina, Jacob John Modla, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Charlotte, North Carolina, for Appellees Harris Teeter, Inc., and Randy Rasmussen.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

NIEMEYER, Circuit Judge:

Maurice Bessinger and his business, Piggie Park Enterprises, Incorporated, which operates barbecue restaurants in South Carolina and manufactures barbecue sauce and related products, commenced nine separate actions in South Carolina state court against food chain retailers that had ceased purchasing and offering for sale plaintiffs' barbecue products. In several of the actions, plaintiffs also sued individual store managers who carried out their stores' orders and removed plaintiffs' barbecue products from store shelves. Each of the complaints purported to allege a violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10 et seq., based on the contention that the defendants' discontinuation of carrying plaintiffs' products was an unfair trade practice.

The plaintiffs' complaints alleged that in July 2000, when the Confederate battle flag was lowered from the top of the South Carolina capitol building, Bessinger began flying the Confederate battle flag at his restaurants. Within a month, an article appeared in The State newspaper that was extremely critical of Bessinger for flying the flag and for distributing religious literature at Bessinger's restaurants that the newspaper alleged to be controversial in nature. Following The State newspaper article, a series of news media stories appeared both in print and on radio and television "concerning [the media's] perception of Plaintiff

-4-

Bessinger's political and religious views with special emphasis on the Confederate Battle Flag controversy." Following this publicity, defendants removed plaintiffs' products from store shelves and discontinued selling their products. As the complaints alleged, "[t]he sole reason that Plaintiffs' products were removed by the Defendants in this case was because of Plaintiff's individual political and religious views as expressed by him and publicized in the media." The plaintiffs claim that the defendants' retaliation against plaintiffs for their exercise of free speech was an unfair trade practice that violated SCUTPA. The plaintiffs demanded in the aggregate $45 million in compensatory damages, as well as treble damages, punitive damages, and attorneys fees.

In the five actions against Food Lion, Inc., Winn-Dixie, Inc., Sam's Club, Inc., Wal-Mart Stores, Inc., and Harris Teeter, Inc., respectively, the defendants removed the cases to federal court based on diversity jurisdiction conferred by 28 U.S.C. § 1332 and filed motions to dismiss the complaints under Federal Rule of Civil Procedure 12(b)(6). In the Food Lion, Winn-Dixie, and Harris Teeter cases, the plaintiffs in turn moved to remand the cases to state court because the store managers, who were also named defendants, were South Carolina citizens, thus destroying diversity of citizenship, the essential condition for diversity jurisdiction.

The district court denied the motions to remand and granted the defendants' motions to dismiss under Rule 12(b)(6).

Applying the "fraudulent joinder doctrine," see Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999); Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir. 1993), the district court disregarded the citizenship of the store managers because there was no possibility that the plaintiffs would be able to establish that the managers were liable under SCUTPA. The court observed that the managers "did not commit, participate in, direct or authorize the corporate decision to discontinue the plaintiffs' products." With the managers' citizenship disregarded, the court concluded that it had jurisdiction under 28 U.S.C. § 1332 and accordingly denied the plaintiffs' motion to remand.

On the question of whether the plaintiffs' complaints stated a claim under SCUTPA upon which relief could be granted, the district court concluded (1) that the plaintiffs' allegations that the defendants discontinued selling plaintiffs' products in retaliation against plaintiffs' speech did not allege an "unfair act," as required by SCUTPA, and (2) that the defendants' alleged retaliation did not adversely affect members of the public, also as required by SCUTPA. The district court reasoned that while the plaintiffs retained the right to speak out as they had done, the defendants retained the right to exercise their freedom not to sell plaintiffs' products. In addition, the court concluded that the

exercise of these rights by the respective parties did not adversely affect the public but rather benefited it. As the court explained,

> the vendor is free to express his views; the store is free not to do business with the vendor based on those views; and the customer is free not to patronize the store because it no longer sells the vendor's product. Such free market interaction benefits rather than harms the public interest.

Accordingly, the district court entered judgment in favor of the defendants in each of the five actions on November 24, 2003. From these judgments, the plaintiffs appealed.

We have carefully reviewed the record and considered the arguments of the parties' counsel in their briefs and oral arguments, and at bottom, we agree with the district court. Accordingly, for the reasons given by the district court in its opinion filed in each of the five actions, see Bessinger et al. v. Food Lion, LLC et al., No. 03-CV-2828 (D.S.C. Nov. 20, 2003); Bessinger et al. v. Winn Dixie, Inc. et al., No. 03-CV-2874 (D.S.C. Nov. 20, 2003); Bessinger et al. v. Sam's Club, Inc. et al., No. 03-CV-2807 (D.S.C. Nov. 20, 2003); Bessinger et al. v. Wal-Mart Stores, Inc. et al., No. 03-CV-2810 (D.S.C. Nov. 20, 2003); and Bessinger et al. v. Harris Teeter, Inc. et al., No. 03-CV-3153 (D.S.C. Nov. 20, 2003), we affirm.

AFFIRMED